FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIARA P., | No. 2:25-CV-00369-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 14, 19** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response.  ECF No. 14, 19.  Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Lillian J. Lee represents Defendant.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits on June 17, 2022, alleging onset of disability beginning June 6, 2022, Tr. 587, 589, due to vision issues, trigeminal neuralgia, occipital neuralgia,

ORDER - 1

bilateral carpal tunnel syndrome, vertigo, Sjogren's disease, PTSD, high blood pressure, and fibromyalgia, Tr. 636. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Deborah J. Van Vleck held a hearing on February 25, 2025, Tr. 410-451, and issued an unfavorable decision on March 5, 2025, Tr. 17-28. The Appeals Council denied Plaintiff's request for review on July 24, 2025, Tr. 1-6, and the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 19, 2025. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be

ORDER - 2

set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) Plaintiff can perform other substantial gainful activity; and (2) a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 5, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-28.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2022, had not engaged in substantial gainful activity since the alleged onset date.[1] Tr. 19.

---

[1]The ALJ's decision references an incorrect alleged onset date: June 9, 2022. Tr. 19, 28. Plaintiff's alleged onset of disability is June 6, 2022. Tr. 587, 589.

ORDER - 3

At step two, the ALJ determined Plaintiff had the following severe impairments:  carpal tunnel syndrome of bilateral upper extremities, trigeminal and occipital neuralgia, and fibromyalgia.  Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following limitations:

> The claimant can frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and never crawl; frequently handle and finger bilaterally; never work in the presence of concentrated exposure to extreme cold or heat, vibration, fumes, odors, dust, gases and poor ventilation and never work in the presence of unprotected heights or hazardous machinery. In addition, the claimant should not be required to operate a motor vehicle as part of her job duties.

Tr. 23.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 26.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of cashier, production assembler, and small products assembler.  Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, June 6, 2022, through the date of the decision, March 5, 2025.  Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff raises the following issues for review:  (1) did the ALJ err by

ORDER - 4

improperly evaluating Plaintiff's medical evidence; and (2) did the ALJ err in failing to meet her burden at step five?  ECF No. 14 at 2.

## DISCUSSION

**A.    Step Two**

Plaintiff first contends the ALJ erred at step two of the sequential evaluation process by failing to address Plaintiff's diagnoses of depression, anxiety, and PTSD.  ECF No. 14 at 8.  Defendant responds that the ALJ addressed Plaintiff's generalized anxiety disorder (finding it nonsevere), and Plaintiff has not demonstrated the ALJ harmfully erred by failing to consider Plaintiff's PTSD and depression.  ECF No. 19 at 3-5.

At step two, Plaintiff has the burden of proving she has a severe impairment, 42 U.S.C. § 423(d); 20 C.F.R. § 416.912, and, in order to meet this burden, Plaintiff must furnish medical and other evidence that shows her impairment is severe, 20 C.F.R. § 416.912(a).  The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities.  An impairment is considered non-severe if it does not significantly limit one's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522(a).  The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b).  Activities include "physical functions such as walking, sitting, lifting, pushing, pulling, reaching, carrying or handling."  *Id.*

Step two is "a de minimis screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence."  S.S.R. 85-28; *see Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find that the medical

ORDER - 5

evidence clearly established that Plaintiff did not have a medically severe impairment. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

In this case, the ALJ assessed Plaintiff's generalized anxiety disorder, noting Plaintiff had a history of anxiety. Tr. 20. The ALJ found Plaintiff's medically determinable mental impairment of generalized anxiety disorder did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and was therefore nonsevere. Tr. 21. Accordingly, contrary to Plaintiff's argument, the ALJ addressed Plaintiff's anxiety at step two. However, as acknowledged by Defendant, ECF No. 19 at 5, the ALJ did not evaluate Plaintiff's PTSD and depression.

At the administrative hearing, the ALJ recognized Plaintiff had stated PTSD as a mental condition that prevented her from working, Tr. 425, and Plaintiff stated her ex-husband "was the reason for [her] PTSD," Tr. 438-439. Plaintiff additionally testified that she took 150 mg of Wellbutrin daily for depression, Tr. 435, and 20 mg of Lorazepam as needed for anxiety, Tr. 432.

Medical records show Plaintiff's primary care provider Weston Beck, PA-C, noted Plaintiff's history of PTSD on August 22, 2022, Tr. 829 (stating that "[w]henever her ex-husband is around she feels like she's going to have a heart attack"), indicated on August 30, 2022 that Plaintiff had been diagnosed with PTSD, Tr. 869 (noting a history of an abusive relationship), and stated on January 26, 2023, that Plaintiff's PTSD was causing her a lot of issues, Tr. 1040. PA-C Beck opined on January 26, 2023 that PTSD and stress may play a part in exacerbating her symptoms, Tr. 1046, and on August 16, 2023, that Plaintiff could benefit from a psychological evaluation for disability due to her anxiety and PTSD, Tr. 1142. On August 19, 2024, PA-C Beck wrote that Plaintiff's anxiety caused by

ORDER - 6

PTSD was severe at times.  Tr. 1642 (noting Plaintiff "[h]as trouble going into public at times especially by herself").  Plaintiff's primary care provider's treatment records also document Plaintiff's depression, Tr. 860 (November 20, 2021 diagnosis recommendation of "Major Depression"); Tr. 851 (December 28, 2021 complaint of depression); Tr. 833 (August 22, 2022 Plaintiff observed to have a depressed affect); Tr. 826 (September 10, 2022 complaint of depression), and counseling records further document Plaintiff's ongoing depression, Tr. 1188 (September 6, 2023 testing revealed "Severe depression"); Tr. 1193 (October 6, 2023 testing showed "Moderately severe depression"); Tr. 1204 (February 28, 2024 testing reflected "Moderate depression"); Tr. 1219 (September 4, 2024 testing revealed "Moderately severe depression").

Based on the foregoing, the Court finds the record reflects evidence of Plaintiff's PTSD and depression sufficient to pass the de minimis threshold of step two of the sequential evaluation process; therefore, Plaintiff's claims of severe PTSD and depression were not "groundless."  *See Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 688.  The ALJ erred at step two of the sequential evaluation process by failing to address Plaintiff's PTSD and depression.

Defendant argues any error at step two would be harmless because Plaintiff points to no symptoms or limitations from her PTSD and depression that the ALJ did not consider when assessing the RFC.  ECF No. 19 at 5; *see Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to include impairment as severe at step two was harmless error where ALJ considered the limitations posed by the impairment).  The Court does not agree.  The ALJ's omission of PTSD and depression from the list of severe impairments was not harmless error because the ALJ did not meaningfully consider the limitations of these impairments in the remainder of the analysis.  *See e.g. Eitner v. Saul*, 835 F. App'x 932, 933-934 (9th Cir. 2021).  The ALJ's error at step two was not harmless, and, consequently, a remand is warranted in this case.

ORDER - 7

**B.    K.M. Mansfield-Blair, Ph.D.**

Plaintiff's briefing next contends the consultative evaluation completed by K.M. Mansfield-Blair, Ph.D., Tr. 926-931, establishes Plaintiff's disability.  ECF No. 14 at 11-13.

Dr. Mansfield-Blair examined Plaintiff by video on January 10, 2023 and opined as follows:

> [Plaintiff] would have a low level of difficulty performing simple and repetitive tasks, given her performance on memory tasks and an estimated level of intelligence in the Low Average to Borderline Intellectual Functioning range.
>
> [Plaintiff] would have a moderate to high level of difficulty performing detailed and complex tasks, given her performance on memory tasks and an estimated level of intellectual functioning in the Low Average to Borderline Intellectual Functioning range.
>
> She would not have difficulty accepting instruction from supervisors. [Plaintiff] described her work relationships with supervisors as "very well". She gave no indication during the current interview that she would be likely to engage in verbal and/or physical interpersonal aggression.
>
> [Plaintiff] would not have difficulty interacting with coworkers. She described her work relationships with coworkers as "very well". She gave no indication during the current interview that she would be likely to engage in verbal and/or physical interpersonal aggression.
>
> She would have a low to moderate level of difficulty performing work activities on a daily basis without special or added instruction, given her performance on memory tasks, and an estimated level of intelligence in the Low Average to Borderline Intellectual Functioning range.
>
> [Plaintiff] would have a moderate to high level of difficulty maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition, given she reportedly receives minimal/no mental health treatment.
>
> She would have difficulty dealing with the usual stress encountered in the workplace. She exhibited a minimally adequate level of distress tolerance skill during the interview.

Tr. 930-931.

ORDER - 8

The ALJ determined the opinions of Dr. Mansfield-Blair were not persuasive because they were vague and were not asserted in policy compliant concrete functional limitations.  Tr. 20.  The ALJ also found Dr. Mansfield-Blair's opinions were not supported by the generally unremarkable exam and inconsistent with the record of Plaintiff's generally unremarkable mental status exams and lack of mental health treatment.  Tr. 20-21.  The ALJ mentioned Dr. Mansfield-Blair's opinions additionally seemed to rely heavily on Plaintiff's subjective reporting of her symptoms.  Tr. 20.

The rationale provided by the ALJ appears adequate and supported; however, given this matter must be remanded to address the step two error noted above, the Court finds that the ALJ shall also be directed to reevaluate and reweigh this examining medical professional's opinion on remand.

**C.     Plaintiff's Physical Health**

Plaintiff asserts the ALJ also improperly evaluated her physical health.  ECF No. 14 at 13-16.  Defendant responds that the ALJ reasonably discounted Plaintiff's statements about the intensity, persistence, and limiting effects of her physical impairments (fibromyalgia and carpal tunnel syndrome).  ECF No. 19 at 6-10.

Because this matter is being remanded to address errors noted above, the Court finds, without discussion, that the ALJ will be instructed to perform the sequential analysis anew, including an analysis of Plaintiff's physical impairments.  With respect to Plaintiff's subjective complaints, the ALJ shall be directed to reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

///

///

///

ORDER - 9

**D.    Step Five**

Plaintiff additionally argues that the ALJ erred by failing to conduct a proper analysis at step five of the sequential evaluation process.  ECF No. 14 at 16.  Defendant responds that Plaintiff's step five argument fails because it depends on the success of her other unconvincing arguments.  ECF No. 19 at 10-11.

Since the Court has determined that a remand is required in this matter, the Court finds the ALJ's step five determination shall be revisited on remand as well.

<strong>CONCLUSION</strong>

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits or, alternatively, for additional proceedings to resolve the issues identified in her briefing.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id*.  Remand is appropriate when additional administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  Here, the Court finds that further development is necessary for a proper determination to be made.

The ALJ erred at step two of the sequential evaluation process.  Therefore, on remand, the ALJ shall reevalute Plaintiff's disability claim given the evidence of record supports a finding that Plaintiff's PTSD and depression are severe impairments.  On remand, the ALJ will be instructed to perform the sequential analysis anew, including a reevaluation of the consultative evaluation completed by Dr. Mansfield-Blair, Tr. 926-931, and an analysis of Plaintiff's physical impairments.  The ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.  The ALJ shall reevaluate Plaintiff's RFC, make new findings at each of the five steps of the sequential evaluation process, and obtain supplemental vocational expert testimony to

ORDER - 10

determine whether Plaintiff can perform other work and whether such work exists in significant numbers in the national economy.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's motion to remand, **ECF No. 14**, is **GRANTED**.

2.    Defendant's motion to affirm, **ECF No. 19**, is **DENIED**.

3.    The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED June 15, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 11